THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JOSEPH LUMPKIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TOXIC WATER SETTLEMENT, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C23-0583-JCC<br><br>ORDER |

This matter comes before the Court on pre-service review of Plaintiff's *in forma pauperis* ("IFP") complaint (Dkt. No. 5). Pursuant to 28 U.S.C. § 1915(a), the Court must review and dismiss before service the lawsuit of any person proceeding IFP if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Whereas a complaint may be dismissed if it lacks a cognizable legal theory, states insufficient facts to support one, and/or seeks relief from a defendant immune from such relief. *Zixiang v. Kerry*, 710

ORDER
C23-0583-JCC
PAGE - 1

F.3d 995, 999 (9th Cir. 2013).[1]

In the instant complaint, Plaintiff asserts he was denied whistleblower compensation relating to the "Camp Lejeune Toxic Water Settlement." (Dkt. No. 5 at 5.) On this basis, he asks this Court for relief, including what would appear to be between 15–30% of a "300 Billion payout." (*Id.* at 12–14.) This is not the first time Plaintiff has filed complaints relating to the same topic. He first did so in February 2023, before voluntarily dismissing his case prior to section 1915(e)(2)(B) review. *See Lumpkin v. United States Navy*, C23-0243-TL, Dkt. No. 6 (W.D. Wash. 2023). He again did so in March 2023. *See Lumpkin v. Department of Justice*, C23-0368-JLR, Dkt. No. 5 (W.D. Wash 2023). That time, the Court did engage in section 1915(e)(2)(B) review. *See id.* at Dkt. No. 6. And it dismissed the complaint without prejudice and with leave to amend based on that review. *Id.* The Court concluded the complaint failed to demonstrate this Court's jurisdiction and failed to state a claim for relief. *Id.* In April 2023, Plaintiff filed the instant complaint, along with an application to proceed IFP, which Judge Peterson granted. (*See* Dkt. No. 1.)[2]

This complaint contains a more detailed discussion of the claims Plaintiff asserts. (*See* Dkt. No. 5 at 10–14.) But it still falls short of what is necessary to establish this Court's jurisdiction over some of the defendants and put *any* of the defendants on notice of the claims alleged and the relief sought. *See, e.g.*, *Beck v. Catanzarite L. Corp.*, 2023 WL 1999485, slip op. at 3 (S.D. Cal. 2023). As stated in the Court's prior dismissal order, Plaintiff must demonstrate the basis of this Court's jurisdiction with respect to *each defendant. See Lumpkin v. Department of Justice*, C23-0368-JLR, Dkt. No. 6 (W.D. Wash 2023). And neither the Navy nor the

---

[1] The Court holds *pro se* pleadings to a less stringent standard than ones drafted by lawyers and liberally construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, *pro se* litigants are still bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[2] Before doing so, Defendant filed this complaint in a previously assigned case, before electing to voluntarily dismiss that case. *See Lumpkin v. Department of Justice*, C23-0368-JLR, Dkt. Nos. 9, 10 (W.D. Wash 2023).

Department of Justice, as arms of the United States, can be sued without their consent. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). This complaint provides no indication that such consent has been provided. (*See generally* Dkt. No. 5.) Nor does it address the prior deficiencies noted by the Court in Case No. C23-0368-JLR regarding (a) what causes of action Plaintiff is asserting, (b) what facts he alleges to support those claims, and/or (c) against which Defendant each allegation might pertain to. (*Id.*)[3]

For these reasons, this complaint (Dkt. No. 5) is DISMISSED *with prejudice.* Based on Plaintiff's inability to apply the guidance provided in the prior case, it now appears absolutely clear that the deficiencies identified noted previously cannot be cured by further amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Clerk is DIRECTED to send Plaintiff a copy of this order and the associated judgment.

DATED this 24th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] In addition, the complaint fails to establish that this Court is the proper venue for Plaintiff's claims. Each seem to relate to Camp Lejeune water contamination. The District Court for the Eastern District of North Carolina, where the base is located, is presently presiding over thousands of suits relating to this issue. *See, e.g.*, *Clendening v. United States*, C19-0137-BR (E.D. N.C. 2019). That is likely the more appropriate venue for suits relating to the water contamination issue.